IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



KHALED KHALIDI,            }
    Plaintiff,        }
                          }   CIVIL ACTION NO.
v.                         }   02-AR-0512-S
                          }
WEEKS FAMILY PARTNERSHIP,  }
    Defendant.        }

## MEMORANDUM OPINION

    The court is presented with a complicated, convoluted, confusing and comical situation. On March 31, 2003, plaintiff, Khaled Khalidi, filed a motion seeking to relieve him from the consent final judgment that was entered on March 10, 2003. Plaintiff was asking for a vacatur. Plaintiff's motion was amended on April 16, 2003 without leave of court. The amended motion was orally argued at this court's regular motion docket on April 18, 2003. Plaintiff invokes Rule 60(b), F.R. Civ.P., apparently recognizing that Rule 59 was not available to him because his motion was filed more than 10 days after the final judgment.

    When the court signed the final decree on March 10, 2003, and taxed costs, it entered the decree that was drafted by plaintiff's counsel because that decree unequivocally required plaintiff to tender to defendant the full consideration set forth in the sales contract in not less than twenty-one (21) days or to forfeit the right to purchase. It said no more than that. The court was not interested in, and was not asked to become interested in, an interpretation of, or possible escape routes from, the sales contract or any side deals that may have influenced the parties to sign it. What this court was interested in was a final disposition. Nothing could have appeared simpler. There was no



retention by the court of jurisdiction for the purpose of monitoring compliance with the sales contract, such as title insurance, etc.

As the twenty-one (21) day deadline approached, plaintiff's counsel asked for a conference with the court on March 31, 2003. Plaintiff there orally asked the court and defendant for an extension of the twenty-one (21) days in order for a prospective lender to plaintiff to conduct a "due diligence." For reasons that are in dispute, plaintiff withdrew his request for an extension and instead filed his present motion. This court is unwilling to assume jurisdiction over a controversy that was not contemplated in the pleadings and was not contemplated in the final decree. Without passing on the hypothetical enforceability of some alleged insistence by defendant on plaintiff's execution of what has been referred to as a "Wholesale Brand and Sales Agreement," whatever that is, the court will deny plaintiff's amended post-judgment motion by separate order. If the court were willing to set aside the final judgment and to proceed to trial, something it is not willing to do, it does not know how the burgeoning controversy would be resolved, much less be resolved in a timely manner.

DONE this  22nd  day of April, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE